In the Matter of MARTIN SONIN et al., Respondents, against JOSEPH McGOLD-RICK, as State Rent Administrator, Respondent, and LILLIAN SMITH, Appellant.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Rent Administrator, which denied the tenants' protest and affirmed an order of the local rent administrator granting the landlord's application for a certificate of eviction. The landlord appeals from an order annulling the determination of the State Rent Administrator and revoking the certificate of eviction. Order affirmed, without costs. (Cf. *Matter of Bromberg* v. *McGoldrick*, 282 App. Div. 714.) Nolan, P. J., MacCrate and Schmidt, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the order and to dismiss the proceeding, being of the opinion that the holding of the local administrator and that of the State Administrator should be affirmed. On the proof in this record it may not be said that the determinations of the administrators were arbitrary or capricious. Especially is this so where, as here, the local administrator conducted a physical inspection of the landlord's present housing accommodation.

MILDRED T. KEARNS, Respondent, v. THOMAS F. KEARNS, Appellant.— In an action for a separation, order, granting appellant's motion to vacate an order of sequestration upon furnishing security for the payment of temporary alimony thereafter ordered, affirmed, insofar as appeal is taken, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

MILDRED T. KEARNS, Respondent, v. THOMAS F. KEARNS, Appellant. (Appeals Nos. 2 and 3.) — In an action instituted by a wife for a separation, the defendant appeals from two orders which (1) denied his motion to dismiss the complaint pursuant to subdivision 4 of rule 106 and rule 280 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action or, in the alternative, to require the plaintiff to separately state and number each cause of action and to strike out specified paragraphs (Rules Civ. Prac., rules 90, 103) and (2) granted plaintiff's motion for temporary alimony. Order denying defendant's motion addressed to the complaint modified by striking from the ordering paragraph the words " in all respects denied ", and by substituting in lieu thereof the following: " granted to the extent that the second cause of action is dismissed and struck out under rules 90 and 103 of the Rules of Civil Practice, with leave to plaintiff to serve an amended complaint within ten days after the making of this order, and otherwise denied." As so modified, said order is affirmed, without costs. The complaint in its present form is redundant and verbose and can but serve to confuse. Order granting plaintiff's motion for temporary alimony affirmed, without costs. No opinion. Adel, Acting P. J., Wenzel and Beldock, JJ., concur; MacCrate and Schmidt, JJ., concur in the affirmance of the order granting plaintiff's motion for temporary alimony but dissent as to the modification of the order denying defendant's motion addressed to complaint and vote to affirm such order without modification, with the following memorandum: Rule 280 requires a particular statement of the circumstances of alleged misconduct and time and place with reasonable certainty. Here the alleged circumstances surrounding some of defendant's alleged acts could be found to have made more poignant plaintiff's mental suffering. Defendant is not prejudiced by a full statement of plaintiff's claim.